B1 (Official Form 1) (04/13)

| **UNITED STATES BANKRUPTCY COURT**<br>_____ District of _____ | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br><br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7       ☐ Chapter 15 Petition for<br>☐ Chapter 9       Recognition of a Foreign<br>☐ Chapter 11      Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>                   Nonmain Proceeding |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check **one** box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☐ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box.)<br><br>☐ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>**Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☐  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X _____
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

_____
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Annex 1**

SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| DEBTOR | HONG KONG TAX I.D. NUMBER (IF APPLICABLE) |
|---|---|
| Nautilus Holdings No. 2 Limited | N/A |
| Nautilus Holdings Limited | N/A |
| Golden Knighthead Limited | 17/37826376 |
| Metropolitan Harbour Limited | 17/37837969 |
| Able Challenger Limited | 22/37748877 |
| Magic Peninsula Limited | 17/37460950 |
| Metropolitan Vitality Limited | 17/37749019 |
| Superior Integrity Limited | 17/37460934 |
| Charming Energetic Limited | 17/38210936 |
| Dynamic Continental Limited | 17/38210928 |
| Perpetual Joy Limited | 22/38210897 |
| Regal Stone Limited | 22/37913636 |
| Vivid Mind Limited | 17/37837935 |
| Earlstown Limited | 22/37171898 |
| Findhorn Osprey Limited | 22/37168075 |
| Floral Peninsula Limited | 22/37154549 |
| Resplendent Spirit Limited | 22/37168114 |
| Miltons Way Limited | 22/37606180 |
| Nautilus Shipholdings No. 1 Limited | N/A |
| Nautilus Shipholdings No. 2 Limited | N/A |
| Nautilus Shipholdings No. 3 Limited | N/A |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
:
In re: : Chapter 11
:
REGAL STONE LIMITED, : Case No. 14-[ _____ ](RDD)
:
:
Debtor. : (Motion for Joint Administration Pending)
:
------------------------------ x

## CORPORATE OWNERSHIP STATEMENT OF
## REGAL STONE LIMITED

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

| Name and Address of Corporate Equity Holders | Interest |
|---|---|
| Nautilus Shipholdings No. 3 Limited[1]<br>Canon's Court<br>22 Victoria Street<br>Hamilton, Bermuda HM 12 | 100% |

---

[1] See the Corporate Ownership Statement of Nautilus Shipholdings No. 3 Limited filed as an attachment to Nautilus Shipholdings No. 3 Limited's voluntary petition for relief under chapter 11 of title 11 of the United States Code for a list of indirect equity holders of Regal Stone Limited.

# DECLARATION REGARDING
## CORPORATE OWNERSHIP STATEMENT

      I, Andreas Savvas Maroulletis, Director of Regal Stone Limited, the debtor in this case, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge, information and belief.

Date:   June 23, 2014

By:                                           */s/ Andreas Savvas Maroulletis*
                                               Andreas Savvas Maroulletis
                                               Director of Regal Stone Limited

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------- x
                             :
In re:                       :   Chapter 11
                             :
REGAL STONE LIMITED,         :   Case No. 14-[ _____ ](RDD)
                             :
                             :
            Debtor.          :   (Motion for Joint Administration Pending)
                             :
---------------------------- x

# LIST OF EQUITY SECURITY HOLDERS OF REGAL STONE LIMITED

In accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

| **Name and Address of Equity Holders** | **Interest** |
| --- | --- |
| Nautilus Shipholdings No. 3 Limited<br>Canon's Court<br>22 Victoria Street<br>Hamilton, Bermuda HM 12 | 100% |

# DECLARATION REGARDING
# LIST OF EQUITY HOLDERS

I, Andreas Savvas Maroulletis, Director of Regal Stone Limited, the debtor in this case, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge, information and belief.

Date:   June 23, 2014

                                                                               By:   */s/ Andreas Savvas Maroulletis*
                                                                                    Andreas Savvas Maroulletis
                                                                                    Director of Regal Stone Limited

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re:                                                    :   Chapter 11
                                                          :
REGAL STONE LIMITED,                                      :   Case No. 14-[ _____ ] (RDD)
                                                          :
                                                          :
                    Debtor.                               :   (Motion for Joint Administration Pending)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

This list contains creditors holding the thirty (30) largest unsecured claims against the above-captioned debtor and certain of its affiliates that have commenced chapter 11 cases in this Court (collectively, the "<u>Debtors</u>") as of approximately June 23, 2014.  This list has been prepared on a consolidated basis, based upon the books and records of the Debtors.  The information presented in the list shall not constitute any admission by, nor is it binding on, the Debtors.

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case.  The list does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101.  In addition, this list does not include any secured creditors where the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims.

| Creditor Name | Creditor Address | Mgmt[(1)] | Nature of Debt | Contingent, Unliquidated, Disputed or Subject to Set Off | Unsecured Amount |
|---|---|---|---|---|---|
| 1. Associated Shipbroking S.A.M. | Gildo Pastor Center - Block C 4.20 7 rue du Gabian, Fontvieille MC 98000 Monaco FAX: (+377) 92 05 75 95 | SY | BROKER | | $1,023,687 |

---

[(1)]  A management company, as agent for the Debtors, generally pays the amounts owed to the Debtors' creditors, as indicated below. The Debtors currently have three management companies that act as agents for certain of the Debtors. They are: AE - Anglo-Eastern Ship Management; SY - Synergy Management Services Limited; and UV - UNIVAN Ship Management Limited.

| | | | | | |
|---|---|---|---|---|---|
| 2. UNIVAN Ship Management Limited | 18 Whitfield Road North Point Hong Kong, China FAX: (+6087) 429179 | SY | TECH MGR | Y | $557,283 [2] |
| 3. Anglo-Eastern Ship Management | 23rd Floor, 248 Queens Road Wanchai Hong Kong, China FAX: (+852) 2863-6422 | SY | TECH MGR | Y | $447,593 [2] |
| 4. Medpool Limited | 1-3 Spatharikou Street Mesa Yeitonia 4003 Limassol, Cyprus FAX: (+357) 25-823248 | SY | TRADE | | $275,247 |
| 5. Hyundai Heavy Industries Co Ltd | 1 Cheonha-Dong Dong ku Ulsan, South Korea FAX: (+82) 52-202-9062 | AE | TRADE | | $132,882 [3] |
| 6. Marsh Brokers Ltd | 1 Michael Michaelides Steet 3030 Limassol, Cyprus FAX: (+357) 25-355-869 | SY | TRADE | | $97,000 |
| 7. Chevron Marine Products LLC | 1500 Louisiana Street Houston, TX 77002 USA FAX: +1-914-285-7340 | SY | TRADE | | $57,482 |
| 8. Daihatsu Diesel East Japan | 2-1-13 Higashiueno, Taito-ku Tokyo, Japan FAX: +81-6-6454-2750 | AE | TRADE | | $50,152 [3] |
| 9. Fairwind Maritime Investments Company Limited | Office 20 2/6 Observatorniy Lane Odessa, Ukraine FAX: +380487373076 | UV | TRADE | | $42,076 [3] |
| 10. GEA Westfalia Separator (China) Ltd | 3 Lower Thames Street London, EC3R6HE United Kingdom FAX: +86 10 6581 4610 | UV | TRADE | | $40,156 [3] |
| 11. Mitsui Engineering and Shipbuilding | 2 International Business Park Singapore, 609930 FAX: (+65) 6773-3677 | AE | TRADE | | $38,877 [3] |

---

[2]  The Debtors' technical managers have access to cash on hand and in bank accounts to offset these amounts. Further, the amounts listed herein as owed to the technical managers may include certain amounts owed to trade creditors that are independently listed on this schedule, as the technical managers pay such amounts to the trade creditors as agent for the Debtors. Includes only pre-petition crew costs.

[3]  These amounts reflect Technical Managers' creditor amounts.

| | | | | | |
|---|---|---|---|---|---|
| 12. Wartsila Cyprus Ltd. | 8 Sinergatismou Street<br>3010 Limassol, Cyprus<br>FAX: (+357) 25-812-195 | SY | TRADE | | $30,376 |
| 13. Maxcorr Asia Pacific Pte Ltd. | No.22 Pioneer Crescent #02-07<br>West Park Biz Central<br>Singapore , 628556<br>FAX: (+65) 6265 1411 | UV | TRADE | | $29,084 [3] |
| 14. Wilhelmsen Ships Service Ltd. (Hong Kong) | 6 Hallimestarinkatu<br>Kaarina, 20780 Finland<br>FAX: (+47) 67 58 45 70 | UV | TRADE | | $28,642 [3] |
| 15. MAN Diesel & Turbo | 41 Teglhomsgade<br>Copenhagen, DK2450 Denmark<br>FAX: (+45) 33851030 | AE | TRADE | | $28,353 [3] |
| 16. American Bureau of shipping (China) Limited | 5th Floor, Silver Tower, No. 85 Taoyuan Road, Luwan District<br>Shanghai, 200021 P.R. China<br>FAX: +86-21-6360-5391 | UV | TRADE | | $28,166 [3] |
| 17. Korea Marine Service Co., Ltd | 1187-5, Choryang- 3 Dong<br>Busan, 601-838 South Korea<br>FAX: (032) 764-8217 | UV | TRADE | | $27,513 [3] |
| 18. Hyundai ETS Co., Ltd. | 507-5, Daejeo-1Dong, Gangseo-Gu Gangseo-gu<br>Busan, 614-040 Korea FAX: +82-52-202-2347 | UV | TRADE | | $26,450 [3] |
| 19. RMS Marine Service Company Ltd. | No.365, Gaodong No. 2 Road<br>Pudong District<br>Shanghai, 200137 China<br>FAX: +86-21-65380899 | AE | TRADE | | $26,053 [3] |
| 20. Jing Ming Engineering Enterprises | 43, Lane 9, Shin Sheng Rd<br>Chien Chen Dist<br>Kaohsiung, 80672 Taiwan<br>FAX: +886-7-815-4259 | AE | TRADE | | $25,192 [3] |
| 21. Hanil-Fuji (Korea) Co Ltd. | 8F Dongsung 1, Bldg 1145-11<br>Busan, 601-836 South Korea<br>FAX: 82-51-631-7735 | AE | TRADE | | $25,110 [3] |
| 22. HY Shipping & Trading Co. Ltd. | Room 603B , No.9, Lane 466<br>Tian Bao Road Jian Bang Building<br>Shanghai, 200086 P.R. China<br>FAX: +86 21 35304658 | SY | TRADE | | $25,000 |
| 23. Con-lash Supplies Pte Ltd. | 2 Tuas West Street<br>Singapore , 637450 Singapore<br>FAX: +65 6863 6428 | UV | TRADE | | $22,971 [3] |

| | | | | | |
|---|---|---|---|---|---|
| 24. Index-Cool Marine & Industry Pte. """"Ltd. | No.6, Jalan Pendamar Cempaka Emas Industria Estate Pandamaran, Selangor Darul Ehsan, 42000 MY FAX: (+65) 6288 8605 | UV | TRADE | | $21,216 [3] |
| 25. Jinsan Marine Management Co. Ltd. | 162-1, Jangsangpo-Dong Nam-Gu Ulsan, 680060 South Korea FAX: +82-52-228-7890 | UV | TRADE | | $17,275 [3] |
| 26. Neko Ship Supply BV Rotterdam | Klompenmakerstraat 71 3194 DD Hoogvliet, The Netherlands FAX: (+31) 10 800 5500 | UV | TRADE | | $16,604 [3] |
| 27. Drew Marine | 100 South Jefferson Road Whippany, NJ 07981 USA FAX: +1-973-263-4485 | AE | TRADE | | $16,574 [3] |
| 28. Fuji Trading (S) Pte Ltd | #24 Chia Ping Road Singapore, 619976 Singapore FAX: (+65) 6265-0443 | AE | TRADE | | $16,532 [3] |
| 29. Leistritz Trading Limited | Rm. 902, No.400, Zhejiang Zhong Rd. Shanghai, 200001 China FAX: +86-21-6352 3138 | UV | TRADE | | $15,377 [3] |
| 30. Videotel Marine Intl Asia Ltd. | Room 401, Yu Sung Boon Building 107-111 Des Voeux Road Hong Kong, China FAX: +44 (0) 20 7299 1818 | UV | TRADE | | $15,039 [3] |

# DECLARATION REGARDING
# CONSOLIDATED LIST OF CREDITORS

    I, Andreas Savvas Maroulletis, Director of Regal Stone Limited, the debtor in this case, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge, information and belief.

Date:   June 23, 2014

                                                  By:   */s/ Andreas Savvas Maroulletis*
                                                         Andreas Savvas Maroulletis
                                                         Director of Regal Stone Limited

## REGAL STONE LIMITED

<u>Certificate</u>

I, Andreas Savvas Maroulletis, Director of Regal Stone Limited, a company incorporated and existing under the laws of Hong Kong (the "<u>Company</u>"), do hereby certify as follows:

Attached hereto as <u>Annex A</u> is a true, correct, and complete copy of resolutions duly adopted by the board of directors (the "<u>Board</u>") of the Company on June 22, 2014 (the "<u>Resolutions</u>"), and such Resolutions have not been modified or rescinded and are in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered as of June 23 2014.

REGAL STONE LIMITED

*/s/ Andreas Savvas Maroulletis*
Andreas Savvas Maroulletis
Director of Regal Stone Limited

# REGAL STONE LIMITED
*(Incorporated in Hong Kong with limited liability)*
(the "Company")

## RESOLUTIONS IN WRITING OF MR ANDREAS SAVVAS MAROULLETIS AS DIRECTOR (AND ALTERNATE DIRECTOR) OF THE COMPANY PURSUANT TO ARTICLE 109(a) OF THE COMPANY'S ARTICLES OF ASSOCIATION

I, the undersigned, being a director and an alternate director (to Ioannis Dimitrios Giomelos) of the Company, in lieu of holding a meeting of the directors of the Company, and pursuant to its articles of association and the laws of Hong Kong, HEREBY ADOPT the following resolutions by written consent and authorize the actions described herein to be taken by the Company, effective as of the date set forth below, and such resolutions shall have the same force and effect as though taken and adopted at a duly convened meeting of the directors of the Company:

**WHEREAS**, due to current market conditions, the financial position of the Company has deteriorated, leading to immediate difficulties for the Company; and

**WHEREAS**, the undersigned has carefully considered all interests which could be relevant for the Company in respect of the resolutions contained herein, taking into account all relevant facts and circumstances;

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the undersigned it is advisable and in the best interests of the Company, its sole shareholder, its creditors and other interested parties that the Company file a petition for relief (the "Petition") and commence a case (the "Chapter 11 Case") under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**FURTHER RESOLVED**, that the filing of the petition and the commencement of a Chapter 11 Case by the Company be, and it hereby is, approved, adopted and authorized in all respects; and

**FURTHER RESOLVED**, that the undersigned, each other director of the Company (and each other alternate director of the Company) and each other officer of the Company (each of the undersigned, each other director of the Company (and each other alternate director of the Company) and each other officer of the Company, an "Authorized Officer" and, collectively, the "Authorized Officers") be, and each of them individually hereby is, authorized, empowered, and directed in the name and on behalf of the Company, to take any and all such actions as any such Authorized Officer, after consultation with counsel, deems necessary, desirable or advisable, to execute and verify the Petition in a court of competent jurisdiction in the United States and to cause the same to be filed in any district and venue as any such Authorized Officer executing the Petition in the name and on behalf of the Company shall determine; and

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them individually hereby is, authorized in the name and on behalf of the Company, to grant a special power of

1

attorney (under hand or as a deed (including, if so required, by witnessing the affixation of the Company's seal to such special power of attorney) or acknowledged in the absolute discretion of the signatory Authorized Officer) to one or more other persons as may be deemed necessary, proper, appropriate or desirable by such Authorized Officer in his or her discretion (each, individually an "<u>Attorney-in-Fact</u>" and, together with the Authorized Officers, collectively, the "<u>Authorized Persons</u>"), each one acting singly to effect the purposes and intent of any and all of the resolutions contained herein, without the necessity of the signature or attestation of any other officer of the Company; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, with effect from March 2014, authorized and directed to retain, in the name and, on behalf, of the Company, the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, and its affiliated law practice entities in any jurisdiction (the "<u>Firm</u>") to render legal services to, and to represent the Company in, and in connection with the Chapter 11 Case or any other case under the Bankruptcy Code, and any other related matter in connection therewith, on such terms as such Authorized Persons shall approve, such approval to be evidenced by their retention of the Firm; and

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, with effect from 1 March 2014, authorized and directed to retain, in the name and on behalf of the Company, the firm of AP Services, LLC, and its affiliated entities to act as financial advisor for the Company (the "<u>Financial Advisor</u>") in connection with the respective Chapter 11 Case or any other case under the Bankruptcy Code, and any other related matter in connection therewith, on such terms as such Authorized Persons shall approve, such approval to be evidenced by their retention of the Financial Advisor; and

**FURTHER RESOLVED**, that James A. Mesterharm of AP Services, LLC be appointed as Chief Restructuring Officer of the Company with immediate effect;

**FURTHER RESOLVED**, that Andreas Papathomas be appointed as chief executive officer of the Company with immediate effect;

**FURTHER RESOLVED**, that Robin Das of Auld Partners Ltd be appointed as chief financial officer of the Company with immediate effect;

**FURTHER RESOLVED**, that each of the Authorized Persons and any of them be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to execute (under hand or, if so required, by witnessing the affixation of the Company's seal thereto) and file the Petition and all other petitions, statements, schedules, motions, lists, applications, pleadings, plans and other papers, and to take any and all such other and further actions which the Authorized Person or the Company's legal counsel may in his or its absolute discretion deem necessary, proper, appropriate or desirable for the Petition and/or the Chapter 11 Case and, in connection therewith, to employ, retain and obtain assistance from any legal counsel, accountants, financial advisors or other professionals or advisors which any Authorized Person or the Company's legal counsel in his or its absolute discretion deem necessary, proper, appropriate or desirable in connection with the Petition and/or the Chapter 11 Case, on such terms as any Authorized Person shall in his absolute discretion approve; and

*ASM.*

**FURTHER RESOLVED,** that each of the Authorized Persons and any of them be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to give, make, sign, negotiate, execute (under hand or, if so required, by witnessing the affixation of the Company's seal thereto), deliver, certify, file and/or record and perform (or to cause the giving, making, signing, negotiation, execution (under hand or, if so required, by witnessing the affixation of the Company's seal thereto), delivery, certification, filing and/or recordation and performance on behalf of the Company of such agreements, notes, deeds, letters, notices, acknowledgements, instructions, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates and/or other documents (whether of a like nature or not), and any amendments or supplements thereto, and to take such other action, pay all fees and expenses, and do or cause to be done all such further acts and things as in the sole opinion and absolute discretion of such Authorized Person appear to be or become necessary, proper, appropriate or desirable in connection with the Petition and/or the Chapter 11 Case or any other matters contemplated by these resolutions and to carry out and put into effect the purposes of the foregoing resolutions and the actions contemplated by these resolutions, with the authority of any of the Authorized Persons with respect thereto to be evidenced by the taking of such action; and

**FURTHER RESOLVED,** that any and all past lawful actions heretofore taken by any Authorized Person in the name, or on behalf, of the Company in furtherance of any of the actions authorized or contemplated by any or all of the preceding resolutions be, and the same hereby are, adopted, ratified, confirmed and approved as the acts and deeds of the Company; and

**FURTHER RESOLVED,** that any person dealing with any Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person's execution of any agreement, note, deed, letter, notice, acknowledgement, instruction, instrument, motion, affidavit, application, certificate or other document (whether of a like nature or not), and the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and

**FURTHER RESOLVED,** that the Company shall indemnify each Authorized Person for all that he or she may lawfully do in accordance with these resolutions; and

**FURTHER RESOLVED,** that a copy of these resolutions, or any abstract thereof, be filed with the minutes of proceedings of the Company.

Date : _22_ June 2014

Signed: _____
Andreas Savvas MAROULLETIS
Director (and Alternate Director to Ioannis Dimitrios Giomelos) of Regal Stone Limited

3